■ In the Matter of MATTHEW L.—In a proceeding pursuant to article 10 of the Family Court Act, the petitioner appeals from an order of the Family Court, Nassau County, dated October 26, 1976, which, after a hearing, dismissed the petition. Order reversed, on the facts, without costs or disbursements, petition granted, and proceeding remitted to the Family Court for a dispositional hearing to be held forthwith. This is a proceeding to have Matthew L. declared to be a neglected child. Matthew was born on November 19, 1970. His parents were divorced in 1975 and he resided with his mother. On June 21, 1976 Matthew's mother, the respondent in this proceeding, took him to the Nassau County Medical Center, claiming that he "fell in the house". At that time the hospital staff noted certain bruises on the child. On July 1, 1976 Matthew was again brought to that hospital and was admitted for nine days. A complete physical examination revealed multiple bruises of varying severity all about his body, including two black eyes and bruises under both eyes, on the left cheek, forehead, right temple, left parietal area of the skull, chest, abdomen, arms and legs. The doctors ascertained the presence of "old blood" behind the right eardrum, which

strongly indicated a past skull fracture. Hematological tests showed that Matthew's propensity for bleeding and coagulation were within normal limits and that he was not a child who simply bruised easily. The crucial factor in the ·medical diagnosis of child abuse was that Matthew's bruises were in various degrees of healing or fading. On the evening of July 6, 1976, during his hospitalization, Matthew was visited by his mother and, on the following morning, was observed to have a freshly blackened eye. Based upon this evidence, the Protective Service Bureau of the Nassau County Department of Social Services commenced the instant neglect proceeding. Matthew's mother testified that she had not beaten the child; that he bruised easily; that when they had gone to Pennsylvania in June, Matthew had suffered a great many mosquito bites, which he scratched, causing the bruises; that he had been struck in one eye by a baseball; that some "tough kids" had "banged" Matthew around; and that a second black eye and other head injuries resulted from a fall in the shower. The Family Court found that the petitioner had established a prima facie case of neglect, but credited the mother's explanation of the source of Matthew's injuries. We disagree and therefore reverse the findings of fact made by the Family Court. The medical testimony, and that of the child's father, was clear and convincing that Matthew did not bruise easily, that mosquito bites could not have produced the marks on his body and that his injuries were consistent only with an explanation of beatings administered over a period of time. We do not credit the mother's testimony. It may reasonably be inferred from this record that she was the source of Matthew's injuries. We find that Matthew L. is a neglected child in that his mother unreasonably inflicted, or allowed to be inflicted, excessive corporal punishment upon him (see Family Ct Act, § 1012, subd [f], par [i], cl [B]). Accordingly, the proceeding must be remitted to the Family Court for a dispositional hearing. In view of the fact that the order under review was made on October 26, 1976, the dispositional hearing should be held forthwith, at which the court should inquire into all of the circumstances of Matthew's custody during the intervening period of more than a year and one-half since the respondent's acts of neglect. This matter was submitted by appellant without argument. If it had been argued before us, we would have inquired as to the reason for the great delay in prosecuting this appeal, for which there appears no adequate explanation in appellant's brief. While the prosecution of an appeal to this court should never be unduly delayed, the reasons for expeditious prosecution are even more compelling in a child neglect case. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.